UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONNELL DRAPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:08 CV 005 JM |
| vs. ) | |
| ) | |
| SUPERINTENDENT OF WESTVILLE ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Donnell Draper, a *pro se* prisoner, filed this habeas corpus petition challenging his 365 day loss of earned credit time and his demotion from credit class I to II. On September 17, 2007, the Disciplinary Hearing Board (DHB) found him guilty of attempted trafficking in violation of A-111/113 in case number ISO 07-08-0082. Draper enumerates four grounds for seeking habeas relief, but he does not limit each numbered ground to a single issue nor does he confine each issue to a single ground. Nevertheless, rather than requiring Draper to re-write his petition to separately present each of his dozen commingled issues as a separate ground, the court will merely address each one in the order in which it was first mentioned in the petition even when it was more thoroughly developed later in the petition.

First, Draper argues that the DHB relied on unreliable confidential testimony. This is a curious argument because the Report of Conduct (DE 5 at 1) and the Report of Investigation (DE 5 at 2) name his accuser as DNR employee Ronald (Sam) Sharder. There

is no mention of a confidential informant. Sharder's testimony is presented in these reports and was not kept from Draper.

Second, Draper argues that the DHB should not have delayed his hearing because this prevented him from obtaining Sharder's testimony. It did not. When Draper was screened on August 21, 2007, he requested a statement from Sharder. Two days later, on August 23, 2007, a statement was made that Sharder was unavailable because he was no longer an employee (DE 5 at 15). Though it is true that the hearing was postponed twice, those postponements did not occur until August 30, 2007 (DE 5 at 13) and September 6, 2007 (DE 5 at 14). Therefore they had no impact on the availability of Sharder's testimony.

Third, Draper argues that the Conduct Report does not support the charge.

> The investigation that was completed on 08-21-2007 at approx. 2:00 p.m. clearly shows that Offender Draper attempted to intimidate a DNR employee Ronald (Sam) Sharder to bring him tobacco products. Specifically: Canned tobacco and rolling papers. That Offender Draper not only did this twice on 08/13/2007 but two more times on 08/14/2007. The DNR employee stated that he was afraid to be confronted again by this Offender and reported this to the Indiana State DNR Security Staff.

Report of Conduct, DE 5 at 1. This report clearly supports a charge of attempting to traffic.

Fourth, Draper argues that there is no evidence to support finding him guilty. Standing alone, this report presents some evidence that he attempted to traffic.

> For its decision, the CAB relied on Fields' disciplinary report. That report alone provides "some evidence" for the CAB's decision. The brevity of the report, which McPherson finds important, is not fatal because the report describes the alleged infraction in sufficient detail. There is no question that the conduct described would violate the prison rule.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted).

Fifth, Draper argues that nothing indicates that the report is reliable. This argument is misguided because it is not for this court to assess witness credibility and this case does not involve a confidential informant that requires a determination of reliability. Nevertheless, here the report is written by Sgt. McGinnis, an IDOC employee who works for internal affairs. He took the statement of Ronald (Sam) Sharder, a DNR employee. The DHB's reliance on these statements was not unreasonable.

Sixth, Draper argues that "Sharder denied the incident and says it was his father that made a big deal over nothing." Petition at 6, DE 1. Though the Report of Investigation (DE 5 at 2) refers to his father, all it says is that, "Sam told him [Draper] that his Dad found it [the tobacco] and took it away from him . . ." (DE 5 at 2). This is neither a repudiation that Sharder was solicited to traffic nor an assertion that his father was creating a problem.

Seventh, Draper argues that the DHB ignored the exculpatory witness statements of those who stated that they did not know anything about the events at issue. Such testimony is not exculpatory. Draper obtained statements from three witnesses (DE 5 at 4-6) who did not see him attempt to traffic, but that is not evidence that he did not traffic, only that they did not see him do so. Furthermore even if this testimony was exculpatory, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but

3

the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). That is to say, it was for the DHB to weigh the credibility of the witnesses and determine whom to believe.

Eighth, Draper finally reaches what he labels as his second ground for challenging the DHB proceeding. Here he begins by arguing that the DHB did not follow prison rules setting forth time limits for prison disciplinary hearings. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because prison rules are not federal requirements, it is not relevant in this habeas proceeding whether or not they were violated.

Ninth, Draper argues that the name and number of the code violation was changed and that multiple numbers were cited. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific name or number of the rule violation, nor even its severity. In *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003), there was no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, Draper was provided with sufficient facts and he knew what behavior formed the basis of the charge against him.

Tenth, Draper argues that he was denied physical evidence. At his screening, he requested the production of the tobacco and rolling papers, but he was not charged with obtaining tobacco and rolling papers; he was charged with attempting to obtain them. That is to say, the charge inherently declares that delivery did not occur. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that an inmate be permitted to submit relevant, exculpatory evidence, this evidence would have been neither relevant nor exculpatory.

Eleventh, Draper finally reaches what he labels as his third ground for challenging the DHB proceeding. Here he alleges that the charges against him were in retaliation for complaints he had previously made about Sharder's racially motivated comments.

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, Sharder's motivation, even if retaliatory, is irrelevant.

Twelfth, labeled as ground four in the petition, Draper argues that he was never positively identified. The Report of Investigation states, "he [Sharder] advised this Investigator that Offender Draper #110521 had on four (4) different occasions in the prior two days tried to intimidate him (Sam [Sharder]) to bring him [Draper] tobacco." DE 5 at 2. "He [Sharder] also described Draper to Mr. Stuckey . . ." *id.* These statements are evidence that Draper was identified.

5

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. Here, there is no basis for granting habeas corpus relief.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

DATE: April 10, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT